UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROSALIND POWELL | * | CIVIL ACTION |
| VERSUS | * | NO. 26-681 |
| WALMART, INC., ET AL. | * | SECTION "T" DIV. (2) |

**ORDER AND REASONS**

Before me is Plaintiff Rosalind Powell's Motion for Leave to File Supplemental and Amended Complaint. ECF No. 12. This motion was scheduled for submission on June 3, 2026. Although Defendants filed an Opposition to Plaintiff's Motion to Remand addressing similar issues (ECF No. 14), as of this date, they did not file an Opposition Memorandum to this motion,[1] and the deadline for same expired on Tuesday, May 26, 2026. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, the Motion is DENIED for the reasons that follow.

I.      **BACKGROUND**

Plaintiff filed this state court personal injury action against Walmart Inc., Wal-Mart Real Estate Trust, and Melissa Doe on August 12, 2025, to recover for personal injuries sustained after she slipped and fell on "fresh wax/liquid" at a Walmart store in Slidell, Louisiana. ECF No. 1-1 ¶¶ 1-6. Plaintiff alleges that an unidentified Walmart employee (Doe) was responsible for ensuring the floors were safe and that Walmart is jointly, severally, solidarily and vicariously liable for Doe's negligence. *Id.* ¶¶ 7-11.

---

[1] Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so. *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

Defendants Walmart Inc. and Wal-Mart Real Estate Business Trust (collectively, "Walmart") removed the case to this Court on March 31, 2026.  ECF No. 1  Walmart asserts that there is complete diversity as the citizenship of fictitious defendant Melissa Doe could not be determined and recent discovery responses demonstrated the claim exceeds the jurisdictional minimum.  *Id.* ¶¶ 3, 6-8.

Just over a month after removal, Plaintiff filed two motions:  (1) Motion to Remand and (2) Motion for Leave to File Supplemental and Amending Petition for Damages.  ECF Nos. 12, 13.  In the motion to amend, Plaintiff seeks to substitute employees Jennifer Reynolds and Denise Holley in place of fictious defendant Melissa Doe.  ECF No. 12.  Plaintiff asserts that she became aware of the identities of these two employees from the December 15, 2025, discovery responses.  ECF No. 12-1 at 2-3; No. 12-5.

Walmart contends that Plaintiff's proposed amended complaint does not state a cognizable claim for personal liability against either Reynolds or Holley because she alleges only general administrative duties rather than a direct role in the accident at issue.  ECF No. 14 at 7-8.  Walmart argues that Reynolds was "off the clock" at the time of the accident, and while Holley responded to the accident, she was not involved in its cause nor aware of the dangerous condition.  *Id.* at 5-10.

## II.   APPLICABLE LAW AND ANALYSIS

The Court has not yet issued a Scheduling Order, and thus, Plaintiff has timely sought leave to amend.  While a timely request for leave to amend is ordinarily governed by Rule 15(a),[2] when

---

[2] *Compare Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981) (noting the types of reasons that might justify denial of leave to amend under Rule 15 include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party (citations omitted)), *with S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (holding that Rule 16(b) governs leave to amend after a scheduling order deadline has expired and requires movant to demonstrate "good cause" before addressing the issue under the more liberal standard of Rule 15(a)).

an amendment in a removed case would deprive the court of subject matter jurisdiction, a party may not simply rely on Rule 15(a) to amend a pleading.  Rather, 28 U.S.C. § 1447(e) controls the court's analysis because that statute trumps Rule 15(a).[3]

Section 1447(e) provides:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Thus, the court has discretion to either grant the amendment and remand or deny the amendment.  Courts must scrutinize proposed amendments naming non-diverse defendants in removed cases more closely than they would ordinary proposed amendments.[4]  "If [the court] permits the amendment of the nondiverse defendant, it then must remand to the state court.  If the amendment is not allowed, the federal court maintains jurisdiction."[5]

In analyzing whether to allow the addition of a non-diverse defendant in a removed case, the court evaluates the competing interests of avoiding parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources versus a diverse defendant's statutorily granted choice of a state or federal forum.[6]  Balancing these competing interests is not served by a "rigid distinction of whether the proposed added party is an indispensable or permissive party" under the Federal Rules of Civil Procedure.[7]  Rather, the court

---

[3] *See Schindler v. Charles Schwab & Co.,* No. 05-0082, 2005 WL 1155862, at *2 (E.D. La. May 12, 2005) (Africk, J.) (citations omitted); *Shargian v. Shargian*, 591 F. Supp. 3d 100, 108 (E.D. La. 2022); (quoting *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 185 (5th Cir. 2018))); *Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997).

[4] *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (per curiam) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *Dillard v. Albertson's, Inc.*, 226 F.3d 642, 2000 WL 1029031, at *1 (5th Cir. July 7, 2000) ("28 U.S.C. § 1447(e) specifically confers on the district court the responsibility to scrutinize attempted joinder of non-diverse parties in cases previously removed to federal court.").

[5] *Hensgens*, 833 F.2d at 1182.

[6] *Id.* at 1182 & n.2; *G & C Land v. Farmland Mgmt. Servs.*, 587 F. App'x 99, 103 (5th Cir. 2014) ("In *Hensgens v. Deere & Co.*, this court directed district courts to exercise discretion when deciding whether to join a non-diverse party. . . ."). *Hensgens* referred to 28 U.S.C. § 1447(c), which was amended and is now codified at § 1447(e).

[7] *Hensgens*, 833 F.2d at 1182.

should consider the factors outlined by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987):  (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities.[8]  "[W]hen an amendment would destroy jurisdiction, 'most authorities agree that leave should be denied in the absence of strong equities in favor of amendment.'"[9]

### A.  Whether the Purpose of Amendment is to Defeat Diversity Jurisdiction

In analyzing the first factor, courts consider whether the plaintiff knew or should have known the identity of the nondiverse defendant when he filed the state court petition and whether the plaintiff states a valid claim against the nondiverse defendant.[10]

In determining whether the plaintiff states a claim against the proposed non-diverse defendant, courts employ the same standard used when considering whether a non-diverse defendant was fraudulently joined in the first place.[11]  In other words, the court looks to whether there is "any possibility of recovery under state law against" the proposed defendant.[12]  Typically, the court will conduct an inquiry similar to a Rule 12(b)(6) analysis of the allegations in a complaint, but "in rare cases, if 'a plaintiff has stated a claim, but has misstated or omitted discrete

---

[8] *Id.*

[9] *Delgado v. Ocean Harbor Cas. Ins. Co.*, No. 22-1987, 2022 WL 17092125, at *2 (E.D. La. Nov. 21, 2022) (Morgan, J.) (citing *Neely v. Scottsdale Ins. Co.*, No. 14-48, 2014 WL 1572441, at *3 (E.D. La. Apr. 17, 2014)).

[10] *See, e.g.*, *Fontenot v. Johnson & Johnson*, No. 10-162, 2012 WL 2064722, at *4 (W.D. La. Apr. 13, 2012) (citing *Schindler*, 2005 WL 1155862, at *3), *R.&R. adopted,* 2012 WL 2064848 (W.D. La. June 5, 2012); *Richardson v. Wal-Mart Stores Tex., LLC*, 192 F. Supp. 3d 719, 726 (S.D. Tex. 2016).

[11] *Wells v. Medtronic, Inc.*, 171 F. Supp. 3d 493, 506 (E.D. La. 2016) (Brown, J.) (relying on *Cobb v. Delta Exps., Inc.*, 186 F.3d 675 (5th Cir. 1999) to hold that the "fraudulent joinder" test is used when determining whether to allow a pleading amendment that would join a non-diverse defendant and destroy the court's diversity jurisdiction); *Noble*, 2003 WL 1618590, at *3 (using the "fraudulent joinder" standard to determine whether the plaintiff's primary purpose in joining a non-diverse defendant was to defeat the court's diversity jurisdiction); *see Cobb*, 186 F.3d at 677-78 (explaining in dicta that "[a] request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (i.e., a request fraudulently to join a party) would never be granted.").

[12] *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) ("If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." (citations omitted)); *Noble v. Norfolk S. Corp.*, No. 02-3233, 2003 WL 1618590, at *4 (E.D. La. Mar. 26, 2003).

facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'"[13]   When the plaintiff states a valid claim against a proposed defendant, it is unlikely that the primary purpose of the amendment is to defeat diversity jurisdiction.[14]

But when a plaintiff knows of the nondiverse defendant's identity upon initially filing suit in state court, yet fails to name him as a defendant, the later effort to amend suggests the purpose is to frustrate diversity jurisdiction.[15]   Likewise, when a plaintiff seeks to add a non-diverse defendant shortly after removal but before any additional discovery, this request further suggests "that the amendment is sought for the purpose of defeating diversity."[16]   The close timing of a motion to remand and a motion for leave to amend suggest that the amendment's primary purpose is to defeat diversity jurisdiction.[17]

In this case, Plaintiff's original petition filed on August 12, 2025, included a claim against the unidentified employee responsible for overseeing the safety of floors and aisles.  ECF No. 1-1 ¶¶ 7-11.  Plaintiff learned the identity of two employees (Reynolds and Holley) in Walmart's December 15, 2025, discovery responses.  ECF No. 12-5 at 2-3.  Plaintiff did not, however, seek to add these two employees until May 5, 2026, when she filed her Motion to Remand and with no

---

[13] *Wells*, 171 F. Supp. 3d at 506 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

[14] *Schindler,* 2005 WL 1155862, at *3 ("[C]ourts have . . . recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." (emphasis in original) (citations omitted)); *Noble*, 2003 WL 1618590, at *3 ("As long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction." (citing cases)); *see also Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *Allen*, 907 F.3d at 186 (noting plaintiff's failure to state plausible claim against proposed defendants gives an apparent reason for denying motion to amend).

[15] *See Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010) (citing cases).

[16] *Shargian*, 591 F. Supp. 3d at 108 (quoting *Martinez,* 701 F. Supp. 2d at 889-90 (citing *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999))).

[17] *Id.* at 109 (citing *Jacobsson v. Traditions Senior Mgmt., Inc*., No. 20-507, 2021 WL 1145624, at *6 (M.D. La. Feb. 23, 2021), *R.&R. adopted*, 2021 WL 1138054 (M.D. La. Mar. 24, 2021) ("[T]hat Plaintiff filed a Motion to Remand days after filing his Motion to Amend demonstrates that the purpose of [the] amendment is to defeat diversity jurisdiction by amending claims against an improperly joined defendant after removal.")).

new discovery at that time.  ECF Nos. 12, 13.  Although Plaintiff alleges only the residence (rather than domicile as necessary to establish citizenship), the timing suggests that the amendment is sought to destroy diversity jurisdiction.  *See* ECF No. 12-2 ¶ 1(c)-(d).[18]

However, as long as a plaintiff states a valid claim against the new defendant, destroying jurisdiction cannot be said to be the *primary* purpose of the amendment.[19]  The Louisiana Supreme Court long ago explained the circumstances in which an employee can be held individually liable for injuries to third persons in *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973).[20]  Individual liability may be imposed on an employee where the duty breached arises solely because of the employment relationship if four criteria are met:

1. The employer owes a duty of care to the plaintiff and the breach of that duty caused plaintiff's injury;

2. The duty is delegated by the employer to the defendant employee;

3. The defendant employee has breached this duty through personal (as contrasted with technical or vicarious) fault, including the failure to remedy a risk the employee knew or should have known about; and

4. Personal liability cannot be imposed upon the employee simply because of her general administrative responsibility for performance of some function of employment; rather, she must have a personal responsibility creating a duty to the plaintiff that was not delegated to some other employee. If that responsibility was delegated to another employee, the defendant is not liable for the breach unless she knows or should know of the non-performance or mal-performance and still fails to remedy the risk of harm.[21]

As Judge Ashe recently explained in applying this standard, evidence of personal fault, as opposed to a general responsibility to oversee safety, is required to trigger individual liability.[22]

---

[18] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (recognizing that an allegation of residency alone does not satisfy the requirement of an allegation of citizenship).

[19] *Brown v. PAC Housing Grp., LLC*, No. 24-923, 2024 WL 3925156, at *4 (E.D. La. Aug. 22, 2024) (Ashe, J.) (citations omitted).

[20] *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994).

[21] *Canter*, 283 So. 2d at 721; *Ford*, 32 F.3d at 936.

[22] *Brown*, 2024 WL 3925156, at *5 (quoting *McIntosh v. Costco Wholesale Corp.*, 2019 WL 3306532, at *3 (E.D. La. July 23, 2019) (quoting *Moore*, 732 F.3d at 456)).

Plaintiff's proposed amended complaint alleges that Reynolds and Holley were responsible for overseeing and ensuring the safety of Walmart's aisles and passageways and for taking measures to warn patrons of unreasonable risks of harm. ECF No. 12-2 ¶¶ 9-11. Although Plaintiff argues that an employee cleaned the area six minutes before Plaintiff's fall,[23] the proposed amendment complaint does not allege that either Reynolds or Holley had any role or personal involvement in the cause of the fall or even had knowledge of the alleged risk and failed to take action.[24] Rather, Plaintiff alleges only that these employees had general responsibilities for safety, which allegations relate only to their alleged performance of general administrative duties rather than personal fault necessary to state a valid claim for personal liability against them under Louisiana law.

For these reasons, Plaintiff's reliance on *Lawrence* and *Mitchell*[25] is misplaced. Unlike this case, those plaintiffs sought to add defendants who personally caused and/or were involved in the underlying events, not simply general duties. Thus, those plaintiffs stated a valid cause of action under *Canter*.

Considering the suspect timing of Plaintiff's requested amendment and her failure to state a valid claim against Reynolds or Holley, the first *Hensgens* factor weighs against granting leave to amend to permit their joinder.

### B. Whether Plaintiff was Dilatory in Requesting Amendment

In assessing whether a plaintiff has been dilatory, courts examine the amount of time between the initiation of the original state court action and the filing of the motion to amend as

---

[23] Although Plaintiff provides a video screen shot to argue that an employee cleaned the area six minutes before the fall, Defendants assert that the video reflects an employee cleaning the area with a dry broom, not a wet mop that could leave a liquid on the floor. *Compare* ECF No. 12-1 at 4-5, *with* ECF No. 14 at 3, 10, 12.

[24] ECF No. 12-2 ¶¶ 9-12.

[25] ECF No. 12-1 at 6-7 (citing *Lawrence v. Hertz Corp.*, No. 19-12114, 2019 WL 5541378 (E.D. La. Oct. 28, 2019); *Mitchell v. Wal-Mart*, No. 15-2506, 2016 WL 447721 (W.D. La. Feb. 4, 2016)).

well as the amount of time between removal of the case to federal court and the filing of the motion to amend.[26]  Some courts applying *Hensgens* have found delays of thirty days to be dilatory[27] while others have found a one or two-year delay acceptable.[28]  Courts also look to how far the litigation has progressed.[29]

Plaintiff sought to add Reynolds and Holley almost 9 months after filing suit,  5 months after learning their identities, and over 30  days after removal.  The amendment period, however, has not expired and ample time remains for discovery.  This factor is neutral given Plaintiff's lengthy delay but the absence of deadlines for amending pleadings and concluding discovery.

## C.  <u>Whether Plaintiff will be Significantly Injured if Amendment is Not Allowed</u>

This third factor requires the court to consider whether a plaintiff can be afforded complete relief without the amendment, and whether plaintiff 'could recover against the proposed nondiverse defendants.'"[30]  In other words, whether the diverse defendant will be unable to satisfy a future judgment and whether the plaintiff could recover against the proposed nondiverse defendant.[31]

---

[26] *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. 03-0613, 2003 WL 21783304, at *3 (E.D. La. Jul. 30, 2003) (citation omitted); *see also Richardson,* 192 F. Supp. 3d at 726-27 (citation omitted).

[27] *Dettmer v. Safeco Ins. Co. of Ind.*, No. 22-0783, 2023 WL 2481479, at *2 (N.D. Tex. Mar. 13, 2023) ("A delay of . . . thirty days after the notice of removal has been found dilatory." (quoting *Gallegos v. Safeco Ins. Co. of Ind.*, No. 09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009)); *Irigoyen v. State Farm Lloyds*, No. 03-324, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004) ("A delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." (citing *Phillips v. Delta Air Lines, Inc*., 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001))).

[28] *Wells*, 171 F. Supp. 3d at 510-11 (citations omitted).

[29] *Vincent v. E. Haven Ltd. P'ship*, No. 02-2904, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002) (ruling second factor in favor of amendment as the case was filed only five months before).

[30] *Shargian*, 591 F. Supp. 3d at 114 (alteration omitted) (quoting *Gallegos*, 2009 WL 4730570, at *5); *see also Jerido v. Am. Gen. Life & Accident Ins. Co*., 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001) (citation omitted).

[31] *Darr v. Amerisure Ins. Co*., No. 16-232, 2016 WL 5110267, at *8 (M.D. La. Aug. 31, 2016) (citing *Gallegos*, 2009 WL 4730570, at *5).

Considerations of cost, judicial efficiency, and potentially inconsistent results are also relevant in evaluating this factor.[32]  Forcing a plaintiff to maintain two lawsuits in two different courts which arise out the same facts is inefficient, a waste of judicial resources, and may lead to inconsistent results.[33]

In assessing  this factor in a similar case, Judge Ashe reasoned that denying joinder of a defendant against whom plaintiff fails to state a valid claim does not injure Plaintiff.[34]  But even if it did, the employer's status as a defendant that is vicariously liable for the employee's conduct taken within the scope of employment under *respondeat superior* renders the non-diverse defendant's presence unnecessary for Plaintiff to obtain complete relief.[35]  Thus, denying joinder would not require Plaintiff to pursue litigation in two different forums.  Denial of leave to amend does not unfairly burden plaintiff, as necessary to weigh in favor of amendment.[36]

### D.  Other Equity Factors

This factor requires the court to consider any other factors bearing on the equities. "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and . . . result in parallel state court proceedings . . . these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant."[37]  Plaintiff fails to articulate any equitable factor relevant to the inquiry, and the Court appreciates none.  Thus, this factor is neutral.

---

[32] *Porter v. Times Grp.*, No. 16-121, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016) (citations omitted) (ruling the third factor weighed in favor of amendment as the plaintiff would be forced to file separate suit against potential defendant), *R.&R. adopted*, 2017 WL 628296 (M.D. La. Feb. 15, 2017).

[33] *Shargian*, 591 F. Supp. 3d at 114 (citing *Loewe v. Singh*, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010)); *Jade Marine, Inc. v. Detroit Diesel Corp.*, No. 02-2907, 2002 WL 31886726, at *2 (E.D. La. Dec. 20, 2002) (Vance, J.); *Burton v. Mentor Corp.*, No. 96-2078, 1996 WL 751063, at *2 (E.D. La. Oct. 29, 1996); *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (Fallon, J.).

[34] *Brown*, 2024 WL 3925156, at *7.

[35] *Id.*

[36] *See Lawrence*, 2019 WL 5541378, at *7 (citation omitted).

[37] *Gallegos*, 2009 WL 4730570, at *5 (internal citations omitted).

### III.    <u>CONCLUSION</u>

Considering the competing interests of avoiding parallel federal/state proceedings, with its inherent danger of inconsistent results and waste of judicial resources versus the diverse defendant's statutorily granted choice of a federal forum, and after analyzing the relevant *Hengsens* factors, the Court cannot find the presence of strong equities favor of amendment, particularly given the timing of Plaintiff's request, the absence of any allegations necessary to state a valid claim as required by *Canter*, and the availability of full relief without the presence of the non-diverse employees.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to File Supplemental and Amending Petition for Damages (ECF No. 12) is DENIED.

New Orleans, Louisiana, this __4th__ day of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE