UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ROSALIND POWELL | * | CIVIL ACTION |
| VERSUS | * | NO. 26-681 |
| WALMART INC., ET AL. | * | SECTION "T" (2) |

**ORDER AND REASONS**

Before me is Plaintiff Rosalind Powell's second Motion for Leave to File Supplemental and Amended Complaint. ECF No. 17. Defendants Walmart Inc. and Wal-Mart Real Estate Business Trust filed a timely Opposition Memorandum. ECF No. 19. The Court heard oral argument on the motion on July 8, 2026, ordered the parties supplement the record with the relevant video footage and photos, and took the motion under submission. ECF No. 23. Defendants produced same. ECF Nos. 24-25.

Having considered the record, the arguments and submissions of counsel, and the applicable law, Plaintiff's second Motion for Leave to File Supplemental and Amended Complaint Motion is DENIED for the reasons herein.

I.      **BACKGROUND**

Plaintiff Rosalind Powell filed suit in state court against Defendants Walmart Inc., Wal-Mart Real Estate Trust (collectively, "Walmart"), and Melissa Doe on August 12, 2025, alleging that she slipped on a "fresh wax/liquid" and fell at a Walmart store in Slidell, Louisiana. ECF No. 1-1 ¶¶ 1-6. She alleged that an unidentified Walmart employee (Doe) was responsible for ensuring the floors were safe and that Walmart is jointly, severally, solidarily and vicariously liable for Doe's negligence. *Id.* ¶¶ 7-11.

Walmart removed the case, asserting that the citizenship of fictitious Defendant Melissa Doe could not be determined and recent discovery responses demonstrated the claim exceeds the jurisdictional minimum. ECF No. 1 ¶¶ 3, 6-8.

1

After removal, on the same day, Plaintiff filed two motions: (1) Motion to Remand and (2) Motion for Leave to File Supplemental and Amending Petition for Damages. ECF Nos. 12-13. Applying the factors articulated in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), I denied Plaintiff's first motion for leave, finding that there were not strong equities in favor of amendment, particularly given the timing of the request, the absence of any allegations necessary to state a valid claim under *Canter v. Koehring Co.*[1] against the two new proposed defendants, and the availability of full relief without the presence of the non-diverse employees. ECF No. 16.

Plaintiff now moves to amend to name a different Walmart employee, Patricia Thornton. ECF Nos. 17, 17-2.[2] She alleges general duties and responsibilities in ¶¶7-10 of her proposed amended complaint, which for the same reasons as before, fail to state a claim under *Canter*. ECF No. 17-2; *see* ECF No. 16 at 6-7. But in ¶ 8, Plaintiff also alleges that Thornton was personally cleaning the area where Plaintiff fell immediately before the incident, and her cleaning, the method of her cleaning, the dirty brush she was using to clean, her failure to remove that dust/substance/dirt from her brush while cleaning, and her then applying the dust/substance/dirt to the floor and area at issue was/were the direct cause(s) of Plaintiff's fall. ECF No. 17-2. Plaintiff contends that these allegations, coupled with the fact that she is not amending to defeat jurisdiction, was not dilatory and will be significantly injured if amendment is denied, justifies amendment. ECF 17-1 at 2-3.

In Opposition, Walmart asserts the amendment is for the purpose of destroying diversity jurisdiction as evidenced by the close timing of the filings of the motion to remand and the initial

---

[1] 283 So. 2d 716 (La. 1973).

[2] Although employees Reynolds and Holley, whom Plaintiff previously sought to add, are listed in the caption, they are not identified as defendants in the body of the new proposed amended complaint though there are allegations against them. ECF No. 17-2 ¶¶ 13, 20. Plaintiff's inartful pleading aside, during oral argument, Plaintiff confirmed their inclusion was in error and she does not seek to add them. *See U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 935 (2009) ("A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action."); *Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022) (noting the caption of the complaint may not be determinative as to the identity of the parties to the action); *Jones v. Louisiana*, 764 F.2d 1183, 1185 & n.1 (5th Cir. 1985) (determining party status based on caption as well allegations throughout body of the complaint).

2

motion for leave to amend coupled with her knowledge of the circumstances since Walmart's December 15, 2025, discovery responses.  ECF No. 19 at 5-8.  Further, Walmart asserts piercing Plaintiff's proposed amended complaint and conducting a summary inquiry reveals that she lacks a viable claim against Thorton under *Canter*.  *Id.* at 8-12.  Walmart asserts that Plaintiff will not be significantly injured if amendment is denied as Walmart is her employer, and thus vicariously liable.  *Id.* at 12-14.

## II.      APPLICABLE LAW AND ANALYSIS

Section 1447(e) provides:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Thus, this request for leave is assessed under 28 U.S.C. § 1447(e), not Rule 15(a) of the Federal Rules of Civil Procedure.  Courts scrutinize proposed amendments naming non-diverse defendants in removed cases more closely than they would for ordinary proposed amendments.[3]   "If [the court] permits the amendment of the nondiverse defendant, it then must remand to the state court.  If the amendment is not allowed, the federal court maintains jurisdiction."[4]

In analyzing whether to allow the addition of a non-diverse defendant in a removed case, the court evaluates the competing interests of avoiding parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources versus a diverse defendant's statutorily granted choice of a state or federal forum.[5]  Balancing these competing

---

[3] *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (per curiam) (quoting *Hensgens*, 833 F.2d at 1182); *Dillard v. Albertson's, Inc.*, 226 F.3d 642, 2000 WL 1029031, at *1 (5th Cir. July 7, 2000) ("28 U.S.C. § 1447(e) specifically confers on the district court the responsibility to scrutinize attempted joinder of non-diverse parties in cases previously removed to federal court.").

[4] *Hensgens*, 833 F.2d at 1182.

[5] *Id.* at 1182 & n.2; *G & C Land v. Farmland Mgmt. Servs.*, 587 F. App'x 99, 103 (5th Cir. 2014) ("In *Hensgens v. Deere & Co.*, this court directed district courts to exercise discretion when deciding whether to join a non-diverse party. . . .").  *Hensgens* referred to 28 U.S.C. § 1447(c), which was amended and is now codified at § 1447(e).

3

interests is not served by a "rigid distinction of whether the proposed added party is an indispensable or permissive party" under the Federal Rules of Civil Procedure.[6]  Rather, the court should consider the *Hensgens* factors: (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities.[7]  "[W]hen an amendment would destroy jurisdiction, 'most authorities agree that leave should be denied in the absence of strong equities in favor of amendment.'"[8]

This Court previously addressed the *Hensgens* factors in its earlier ruling.  ECF No. 16. For those same reasons,  factors (2) and (4) remain neutral, and factor (3) weighs against granting the amendment.  *See* ECF No. 16 at 7-9.  Assessing the first factor, the Court again finds that the close timing of the remand motion and request for leave to amend suggests the amendment is sought to destroy diversity jurisdiction.  *Id.* at 4-6.  But this factor also requires consideration of whether the plaintiff states a valid claim against the proposed nondiverse defendant.[9]

In determining whether a plaintiff states a valid claim, courts employ the same standard used when considering whether a non-diverse defendant was fraudulently joined,[10] looking to

---

[6] *Hensgens*, 833 F.2d at 1182*.*

[7] *Id.*

[8] *Delgado v. Ocean Harbor Cas. Ins. Co.*, No. 22-1987, 2022 WL 17092125, at *2 (E.D. La. Nov. 21, 2022) (Morgan, J.) (citing *Neely v. Scottsdale Ins. Co.*, No. 14-48, 2014 WL 1572441, at *3 (E.D. La. Apr. 17, 2014)).

[9] *See, e.g.*, *Fontenot v. Johnson & Johnson*, No. 10-162, 2012 WL 2064722, at *4 (W.D. La. Apr. 13, 2012) (citing *Tillman v. CSX Transp., Co.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *Kling Realty Co. v. Texaco,* No. 06-1492, 2007 WL 4553611 (W.D. La. 2007)), *R.&R. adopted,* 2012 WL 2064848 (W.D. La. June 5, 2012); *Richardson v. Wal-Mart Stores Tex., LLC*, 192 F. Supp. 3d 719, 726 (S.D. Tex. 2016).

[10] *Wells v. Medtronic, Inc.*, 171 F. Supp. 3d 493, 506 (E.D. La. 2016) (Brown, J.) (relying on *Cobb v. Delta Exps., Inc.*, 186 F.3d 675 (5th Cir. 1999) to hold that the "fraudulent joinder" test is used when determining whether to allow a pleading amendment that would join a non-diverse defendant and destroy the court's diversity jurisdiction); *Noble v. Norfolk S. Corp.*, No. 02-3233, 2003 WL 1618590, at *3-4 (E.D. La. Mar. 26, 2003) (using the "fraudulent joinder" standard to determine whether the plaintiff's primary purpose in joining a non-diverse defendant was to defeat the court's diversity jurisdiction); *see Cobb*, 186 F.3d at 677-78 (explaining in dicta that "[a] request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (i.e., a request fraudulently to join a party) would never be granted.").

"whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [the proposed] defendant."[11]  Courts address fraudulent joinder in two ways.[12]  Typically, the court conducts an inquiry similar to a Rule 12(b)(6) analysis of the allegations in a complaint.[13]  When the plaintiff states a valid claim against a proposed defendant, it is unlikely that the primary purpose of the amendment is to defeat diversity jurisdiction.[14]  But in rare cases, if a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[15]

The first question is whether Plaintiff states a valid claim against Thorton under *Canter*.[16]  "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."[17]  And generally, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm.[18]

In *Canter*, the Louisiana Supreme Court explained the circumstances in which an employee can be held personally liable for injuries to third persons.[19]  Personal liability may be imposed on

---

[11] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[12] *Id.*

[13] *Wells*, 171 F. Supp. 3d at 506 (citing *Smallwood*, 385 F.3d at 573).

[14] *Schindler v. Charles Schwab & Co.,* No. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005) (Africk, J.) ("[C]ourts have . . . recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." (emphasis in original) (citations omitted)); *Noble*, 2003 WL 1618590, at *3 ("As long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction." (citing cases)); *see also Tillman*, 929 F.2d at 1029; *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 186 (5th Cir. 2018) (noting plaintiff's failure to state plausible claim against proposed defendants gives an apparent reason for denying motion to amend).

[15] *Wells*, 171 F. Supp. 3d at 506 (quoting *Smallwood*, 385 F.3d at 573).

[16] *Brown v. PAC Housing Grp., LLC*, No. 24-923, 2024 WL 3925156, at *4 (E.D. La. Aug. 22, 2024) (Ashe, J.).

[17] LA. REV. STAT. § 2800.6(A).

[18] *Mundy v. Dep't of Health & Hum. Res.*, 620 So. 2d 811, 814 (La. 1993).

[19] *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994).

an employee where the duty breached arises solely because of the employment relationship if four criteria are met:

1.  The employer owes a duty of care to the plaintiff and the breach of that duty caused plaintiff's injury;

2.  The duty is delegated by the employer to the defendant employee;

3.  The defendant employee has breached this duty through personal (as contrasted with technical or vicarious) fault, including the failure to remedy a risk the employee knew or should have known about; and

4.  Personal liability cannot be imposed upon the employee simply because of her general administrative responsibility for performance of some function of employment; rather, she must have a personal responsibility creating a duty to the plaintiff that was not delegated to some other employee. If that responsibility was delegated to another employee, the defendant is not liable for the breach unless she knows or should know of the non-performance or mal-performance and still fails to remedy the risk of harm.[20]

As Judge Ashe recently explained in applying *Canter*, evidence of personal fault, as opposed to a general responsibility to oversee safety, is required to trigger personal liability.[21] Personal fault is demonstrated by an employee's personal involvement in causing or contributing to the alleged injury[22] or "knowledge of the dangers present" and subsequent failure to cure the risk of harm.[23]

---

[20] *Canter*, 283 So. 2d at 721; *Ford*, 32 F.3d at 936.

[21] *Brown*, 2024 WL 3925156, at *5 (quoting *McIntosh v. Costco Wholesale Corp.*, 2019 WL 3306532, at *3 (E.D. La. July 23, 2019) (quoting *Moore*, 732 F.3d at 456)).

[22] *Smith v. L'Auberge Casino & Hotel Baton Rouge*, No. 22-825, 2024 WL 36008, at *4 (M.D. La. Jan. 3, 2024) (citing cases); *see, e.g.*, *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995) (finding fraudulent joinder established because plaintiffs failed to allege nor provide evidence that employee "personally caused the accident" at issue as required by *Canter*); *Lounsbury v. Winn-Dixie La., Inc.*, No. 95-2544, 1995 WL 626211, at *2 (E.D. La. Oct. 20, 1995) (Vance, J.) (finding plaintiff alleged employee's personal fault by alleging the employee obstructed his "passage and negligently tripping him"); *George–McGee v. Wal–Mart Stores, Inc.*, No. 90-2788, 1991 WL 2701, at *2 (E.D. La. Jan. 9, 1991) (allegation of employee's "personal negligence"—i.e., employee was "operating the steel dolly which allegedly struck the plaintiff from behind"—was "sufficient to state a claim . . . with ample possibility of recovery").

[23] *Ford*, 32 F.3d at 936; *accord. Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992) (finding an employee's alleged personal knowledge of a dangerous pipeline could give rise to personal duty under *Canter*); *Creppel v. Apache Corp.*, No. 04-865, 2004 WL 1920932, at *4 (E.D. La. Aug. 25, 2004) (Vance, J.) (plaintiffs stated a cause of action against non-diverse employee where "plaintiffs allege that [employee] had personal knowledge of the dangerous well and that he failed to remedy the danger.").

In her proposed amended complaint, Plaintiff alleges Walmart had a duty to ensure "the premises and floors in the area in which [her] injuries occurred were in a safe condition for all shoppers, customers, and business invitees shopping at said location" and that it "tasked" its employee, Thorton, "with making sure [its] aisles and passageways were free from unreasonable risks of harm and ensuring that the same remained in an orderly fashion and free of any hazards, vices, defects, such as unmarked fresh wax/liquid substances."  ECF No. 17-2 ¶¶ 7-9.  Plaintiff further alleges Thorton "personally cleaned the area" immediately before she fell, and Thorton's "cleaning, the method of her cleaning, the dirty brush she was using to clean, her failure to get the dust/substance/dirt her brush while cleaning, and her then applying the dust/substance/dirt to the floor and area at issue was/were the direct cause(s) of Plaintiff's fall."  *Id.* ¶ 8.  These allegations are sufficient to state a claim against Walmart, as it conceded at oral argument.

However, Walmart contends that Plaintiff's allegations are fictional and have been altered to survive the Rule 12(b)(6) inquiry on a motion for leave to amend, and thus, they should be pierced when conducting a summary inquiry.  ECF No. 19 at 9.  The summary inquiry is aimed at determining whether the plaintiff "*truly* has a reasonable possibility of recovery"[24] based solely on "discrete and undisputed facts" (i.e., facts easily disprovable if not true) that would preclude plaintiff's recovery against the in-state defendant.[25]  Once the court pierces the pleadings and embarks on a summary inquiry, it does not turn back to the Rule 12(b)(6) standard.[26]

Notably, the fraudulent joinder summary inquiry does not employ the standard used for a

---

[24] *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1047 (5th Cir. 2021) (emphasis added) (quoting *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004)).

[25] *Smallwood*, 385 F.3d at 573-74, 574 n.12.

[26] *Jack v. Evonik Corp.*, 79 F.4th 547, 559 (5th Cir. 2023) (citing *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) ("Certainly a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both")).

Rule 56 summary judgment.[27]  Rather, under the fraudulent joinder standard,[28] the court considers "summary judgment-type evidence in the record," but also "take[s] into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and "the status of discovery," considering what opportunity the plaintiff has had to develop her claims against the non-diverse defendant.[29]  Unlike a summary judgment motion, a plaintiff's absence of evidence is not fatal;[30] rather, the defendant bears a heavy burden to establish that there is no possibility of recovery.[31]  The burden then shift to the plaintiff to put forth contradictory summary judgment-type evidence,[32] not merely allegations.[33]  Any genuine dispute of fact must be resolved in the plaintiff's favor.[34]

Whether an employee is personally at fault under *Canter* can be a discrete fact that a court

---

[27] *See McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)).

[28] *See Travis*, 326 F.3d at 648-49 (describing the differences between the "fraudulent joinder and Rule 12(b)(6) standards").

[29] *McKee*, 358 F.3d at 334 (citing *Travis*, 326 F.3d at 649).

[30] *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 768 (5th Cir. 2016) (citing *Travis,* 326 F.3d at 650 n. 3 (noting that "[o]n a motion for summary judgment, the plaintiff's lack of evidence in support of her claims, after a sufficient period of discovery, could have a different effect" than at the motion to remand stage, where such lack of evidence is not dispositive)); *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018) ("On a question of improper joinder at the early stage of a case, it is error to use the no-evidence summary judgment standard because the determination is being made before discovery has been allowed." (citing *Davidson*, 819 F.3d at 766)).

[31] *Jack*, 79 F.4th at 555 (quoting *Smallwood*, 385 F.3d at 753)); *Davidson*, 819 F.3d at 767 (quoting *Travis*, 326 F.3d at 650).

[32] *See Jack*, 79 F.4th at 560 (*Canter* case); *Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 917-18 (5th Cir. 2009) (*Canter* case); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 312-13 (5th Cir. 2005) (*Canter* case); *cf. Ford*, 32 F.3d at 936-938 (*Canter* case) (finding plaintiffs' expert affidavits that "squarely contradicted" employee-defendant's affidavit established "plaintiffs have at least a 'possibility' of establishing a state court cause of action" against the defendant); *Garrett v. AEP River Operations, LLC*, No. 15-5562, 2016 WL 945056, at *3 (E.D. La. Mar. 14, 2016) (Vance, J.) (*Canter* case) (finding "genuine factual dispute" on whether shipyard supervisor owed a duty to plaintiffs based on emails they submitted that contradicted supervisor's declaration), *cited with approval in Jack*, 79 F.4th at 559.

[33] *See Jack*, 79 F.4th at 559 ("Jack next contends that we cannot consider the affidavits [submitted by defendants] because he disputes the allegations. Specifically, he claims that we should ignore . . . [their] statements that they were never delegated the duties that Jack claims they were because Jack has said the opposite. We disagree."); *Anderson*, 324 F. App'x at 918 ("Attempting to contradict [sworn] testimony, the . . . Plaintiffs repeat allegations from their complaints in an effort to prove that these Employee–Defendants were personally delegated duties by Georgia Gulf. . . . These general and unsupported allegations are similar to those we disqualified in *Guillory*.").

[34] *McKee*, 358 F.3d at 334 (citing *Travis*, 326 F.3d at 649); *accord. Garrett*, 2016 WL 945056, at *3.

may properly pierce the pleadings to examine.[35]  Plaintiff alleges that Thorton swept with a "dirty"

broom that left a substance that caused her to slip and fall, Thorton owed Plaintiff a personal duty,

and Thornton is personally responsible for Plaintiff's injuries.  ECF No. 17-2 ¶ 8.  To show Plaintiff

has no possibility of recovery against Thorton, Walmart relies on Thorton's affidavit stating she

"did not have any knowledge of any hazardous condition on the premises."  ECF No. 14-8 ¶ 3.

Thornton also states that she swept with a dry broom as part of a "general sweep," rather than in

response to "any spill or other condition on the floor," and the area was "free of any liquid

substance or other debris."  *Id.* ¶¶ 4-5, 7-8, 11.  This affidavit[36] is sufficient to demonstrate that

Plaintiff's *Canter* claim against Thorton would fail because Thornton is not personally responsible

for Plaintiff's injuries.[37]

    After Walmart carried its burden to produce evidence for the summary inquiry, the burden

shifts to Plaintiff to submit her own evidence, not merely allegations, that contradicts Thorton's

affidavit.  Plaintiff, however, submits no evidence despite the opportunity to do so.  Plaintiff leaves

the affidavit uncontradicted for purposes of this motion.  The discrete and undisputed facts then

are that Thorton had no knowledge of any substance that could have caused Plaintiff's injuries and

that she did not personally contribute to those injuries because she did not cause there to be a

substance on the floor from her sweeping.

    The surveillance video footage of the moments before Plaintiff's fall supports Walmart's

---

[35] *See, e.g.*, *Rolls ex rel. A.R. v. Packaging Corp. of Am. Inc.*, 34 F.4th 431, 438 (5th Cir. 2022) (affirming district court finding of fraudulent joinder after summary inquiry regarding *Canter*'s personal fault element); *cf. Jack*, 79 F.4th at 558-59 (holding courts may properly pierce the pleadings to examine *Canter*'s delegated duty element considering the plethora of cases doing so).

[36] *Ford*, 32 F.3d at 935 (noting "affidavits" as an example of summary judgment-type evidence (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817 (1990)).

[37] *Cf. Rolls*, 34 F.4th at 438 (affirming district court's summary inquiry finding that defendant employee was not personally responsible, and thus plaintiff's *Canter* claim fails, based on employee's uncontradicted declaration that he had no personal knowledge of or involvement in the cause of the injury).

assertion. *See* ECF No. 24-2 (Clip 1).[38] The footage reveals (1) people traversed the floor where Plaintiff fell without incident before the sweep, (2) there was no substance on the floor where Plaintiff fell before Thorton conducted her general sweep of the entire checkout area, (3) there was no substance on any locations of the floor after Thorton swept the entire area, (4) Thorton swept the particular location only once, and (5) multiple people traversed the checkout area, including the particular spot where Plaintiff fell, without incident after the sweep.

Walmart has demonstrated that Plaintiff has no possibility of recovery against Thorton, and Plaintiff has failed to provide any evidence to the contrary despite having the obligation to do so.[39] Thus, the Court finds the first *Hensgens* factor weighs against granting the proposed amendment. With two *Hensgens* factors weighing against amendment and the other two neutral, denial of Plaintiff's second Motion for Leave to File Supplemental and Amended Complaint is appropriate.

## III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's second Motion for Leave to File Supplemental and Amended Complaint (ECF No. 17) is DENIED.

New Orleans, Louisiana, this __27th__ day of July, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[38] Video footage is summary judgment-type evidence. *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 380-81 (2007); *Aguirre v. City of San Antonio*, 995 F.3d 395, 410-411 (5th Cir. 2021).
[39] *Jack*, 79 F.4th at 559-60.

10